Pearson, J.
 

 David Dalton died seise'd of some valuable tracts of land. A paper, purporting to be his will; was offered for probate, but, upon an agreement between his widow and children, no evidence was offered in support of it,, and it was found by the verdict of a jury not to be' his will.— The dower of the widow was then assigned, and the. land
 
 *198
 
 was divided among the heirs at law. The dower covered a part of the land assigned to the plaintiff and also a part of the lot assigned to Thomas II. P. Dalton. The dower includes the dwelling house and also a valuable mill, both of which were situated on the land, in which Thomas II. P. Dalton had the reversion. The mill and dwelling being out of repair, the widow, who is one of the defendants, caused timber to be cut on the plaintiffs lot for the purpose of repairing, and did not get any of the timber required for the repairs, (although a great deal was necessary,) off of the land of Thomas II P. Dalton.
 

 The bill charges, that the land of Thomas II. P. Dalton lay as covenient for the purpose of getting the timber as the land of the plaintiff, and was equally as well timbered ; and that his mother, the widow, who is one of the defendants, by the aid and assistance of the other defendant, David N. Dalton, procured all the timber necessary for the repairs to be cut off of his land, intending thereby to throw the whole burthen on him, and from mere caprice and partiality to ease and favor bis brother Thomas H. P. Dalton, upon whose land thejmill and house were situated, and who would ultimately have the benefit of the repairs. The bill further alleges, that the defendant threatens to cut all of the timber off of his land and to make sale thereof; and the prayer is for an injunction to stay waste and on account of the timber already cut.
 

 The defendant, Christian Dalton, admits, that she got all of the timber necessary for the repairs of the mill and house off of the land, in which the plaintiff owns the reversion after her dower estate; and she avows the intention to get as much timber and wood as she may see proper, off of the plaintiff’s land, and sell the same, resting her claim upon her right as tenant in dower, and more particularly under the agreement entered into for the compromise in relation to the Will of hér husband. She says, however, that she has not as yet taken more timber and wood than were required
 
 *199
 
 for necessary repairs, fire wood, fencing and other plantation purposes.
 

 The other defendant, David N. Dalton, disavows all interest in the controversy, and says, he was living with his mother and acted merely as her agent and superintendent.
 

 There is no ground whatever for the right asserted by the defendant, Christiana, as derived under the agreement of compromise. The agreement simply provides, that the dower shall be assigned, as in case of intestacy, with the additional provision, that she shall have an estate for the term of seven years in the lands assigned, notwithstanding her death before the expiration of that time. In consequence, however, of the assertion of this right and the avowal of her intention to cut as much timber and wood as she sees proper, the plaintiff is entitled to have the injunction made perpetual against the commission of waste and the cutting of any more timber and wood than may be required for necessary repairs, -for fire wood, fencing, and other purposes of the plantation.
 

 Upon the other question, arising out of the right as tenant in dower, there is more difficulty. She certainly has a right to get timber and wood for the purposes above stated, and, except under peculiar circumstances, from what part of the land she will get it is a matter left to her discretion, unless the act amounts to waste, because of the excess in quantity, or of the timber, (as if shade trees or fruit trees are about to be destroyed.) How far this Court will interfere to control her in the exercise of a legal right, (no waste being alleged) is a grave question. It will seldom arise, where the reversion belongs to one person, or where the lands have not been divided among the heirs; but where there has been a division and the dower happens to cover land belonging to two of the heirs, the question may frequently be presented; and it may become necessary to decide whether the widow will be left in free exercise of her legal right, and the reversioner, upon whom the burthen is
 
 *200
 
 thrown, be left to his remedy- against the other for contribution, or whether the Court will, at his instance, interfere and restrain the widow. The application of the principle would certainly, be attended with much practical inconvenience. Suppose, for instance, it is alleged, that the widow cultivates a field, in which one child has the reversion, so as to improve it by putting all the manure front the stock yard on it, &e., while she cultivates a .field, in which another child has the reversion, so as to exhaust it, but still not amounting to waste; or suppose she gets all the fire wood and rails from the land of one, while the land of the other is equally convenient — minute questions may thus be presented very difficult to decide.
 

 We are inclined to the opinion, that, in
 
 an extreme case,
 
 where the widow acts out of mere caprice and partiality, with a view to favor one at the expense of the other, this Court might be induced to interfere. We do not feel called on in this case to decide the question, because the bill was filed principally to stay waste, under an apprehension, growing out of the assertion of right on the part of the defendant and the threats made by her, which are all referable to her supposed right under the agreement of compromise, and because there is no evidence, that she has in fact taken more timber and wood than she had a right to take for the purposes above stated, or that she has in fact as yet acted out of mere caprice and favoritism, except so far as she was influenced by her supposed right under the agreement.— How she will be disposed to act under the right, to which she is entitled as a mere tenant in dower, is not known.
 

 The bill must be dismissed as to the defendant, David N. Dalton, with costs. The injunction against waste must be made perpetual, and the defendant Christiana must pay the costs of the plaintiff. ■
 

 Per Curiajj Decree accordingly.